UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION–FLINT

In re:
ROBERT MARK RICHARDSON and
KIM LEE RICHARDSON,

        Debtors.
_____/

Case No. 11-31806
Chapter 7
Hon. Daniel S. Opperman

<u>OPINION REGARDING DEBTORS' MOTION FOR ORDER TO SHOW CAUSE AGAINST
ALLY FINANCIAL, f/k/a GMAC, INC., FOR VIOLATION OF THE AUTOMATIC STAY</u>

<u>Introduction</u>

Debtors assert that Ally Financial, Inc., f/k/a/ GMAC, Inc. ("Ally") and its counsel, Peter Philpott, violated the automatic stay by filing a Motion in state court for judgment and possession regarding a 2006 Chevrolet Silverado. Debtors filed this Chapter 7 bankruptcy on April 8, 2011, and the first date set for the first meeting of creditors in this case was May 23, 2011, continued to June 20, 2011, and concluded on July 18, 2011. The state court motion at issue was filed on August 9, 2011. Debtors assert that the state court motion was filed in violation of the automatic stay.

Both Ally and Mr. Philpott respond asserting that the stay was lifted by operation of 11 U.S.C. § 362(h)(1)(B) on June 22, 1011, as Debtors did not timely reaffirm this debt pursuant to their Statement of Intention filed on April 22, 2011, within the 30 days specified under 11 U.S.C. § 521(a)(2). Debtors do not dispute that their Statement of Intention did indicate they intended to reaffirm the Silverado debt with Ally, and that they did not timely sign the reaffirmation agreement submitted to them for signature. The questions before the Court are the effect of Debtors' failure to sign the reaffirmation agreement and whether 11 U.S.C. § 521 limits 11

1

U.S.C. § 362(h)(1)(B).

## Statement of Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(G) (motions to terminate, annul, or modify the automatic stay).

## Applicable Authority

Section 362(h)(1) states:

> (h)(1) In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)--
>
> > (A) to file timely *any statement of intention required* under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and
> >
> > (B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention t reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

11 U.S.C. § 362(h)(1) (emphasis in original).

In this case, there is no dispute that subsection (h)(1)(A) does not apply as Debtors did timely file their Statement of Intention on April 22, 2011; thus, at issue here is subsection (h)(1)(B), which further requires that a debtor take timely action pursuant to the Statement of Intention. There is no dispute that Debtors did not take action within the 30 days required by 11

2

U.S.C. § 521(a)(2)(B), which states:

> (B) within 30 days after the first date set for the meeting of creditors under section 341(a) or within such additional time as the court, for cause, within such 30-day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph;

The stay therefore terminated by operation of Section 362(h)(1)(B). However, Debtors assert that an exception exists to Section 362(h)(1) in Section 521(a)(6), because Ally filed a proof of claim. Ally filed a secured proof of claim in the amount of $15,008.33 regarding the Silverado on July 28, 2011, and no party objected to that claim, so it is considered as an allowed claim. Debtors argue that the language of Section 521(a)(6) trumps the application of Section 362(h)(1). Section 521(a)(6) states that a debtor shall:

> in a case under chapter 7 of this title in which the debtor is an individual, not retain possession of personal property as to which a creditor has an allowed claim for the purchase price secured in whole or in part by an interest in such personal property unless the debtor, not later than 45 days after the first meeting of creditors under section 341(a), either–
>
> (A) enters into an agreement with the creditor pursuant to section 524(c) with respect to the claim secured by such property; or
>
> (B) redeems such property from the security interest pursuant to section 722.

A debtor must act within the 45-day period referred to in paragraph (6), or lose the right to possess the personal property in question. This is unless the court determines prior to the expiration of such 45-day period, and after notice and a hearing, that such property is of consequential value or benefit to the estate, and orders appropriate adequate protection of the creditor's interest, and orders the debtor to deliver any collateral in the debtor's possession to the trustee.

## Analysis

The Court disagrees with the Debtors' position. Here, there is no dispute that Debtors did not act within the 45-day period. The initial date for the first meeting of creditors was May 23, 2011, and that date is the day which starts the 45-day period under Section 521(a)(6). Accordingly, the August 9, 2011, state court motion was filed long afterward.

While there is no dispute that Ally has an allowed claim, the Court concludes that Section 521(a)(6) is inapplicable because the claim was not "for the purchase price secured in whole or in part by an interest in such personal property." The claim is filed in the amount of $15,008.33, for a vehicle that was financed on July 1, 2006, for $32,061.45. The requirement that the allowed claim be for the full purchase price of the vehicle, has clearly not been met here. As observed by the Bankruptcy Court in the case of *In re Donald*, 343 B.R. 524 (Bankr. E.D.N.C. 2006):

> Creditors will rarely have an allowed claim for the full purchase price of personal property, either because consumer purchases typically involve a down payment or because where the full purchase price was financed, installment payments will have been made prior to bankruptcy.

*Id*. at 537. The *Donald* Court further noted that, "[i]f Congress had meant that the claim could be for less than the full purchase price, it could have used the same 'in whole or in part' language [found in Sections 522(f)(1)(B), 524(k)(3)(G), 1325(a)(4) and 1326(a)(4) of the Bankruptcy Code] to describe the debt that it used to describe the collateral." *Id*.

The Court also concludes that Section 521(a)(6) on its face addresses the issue of possession, not whether the stay pursuant to 11 U.S.C. § 362 exists. Nothing in Section 521(a)(6) mentions the existence of the stay, but instead mandates that the debtor shall not retain possession of personal property 45 days after the first meeting of creditors unless the debtor reaffirms or redeems. If Congress had wanted the automatic stay to continue, as urged by the

4

Debtors, then either Sections 362 or 521 should state as much.  As Congress did not include any such language, the Court concludes Congress did not intend to mix the two different legal concepts of the lifting of the automatic stay and the continued legal possession of personal property.

Finally, the practical application of the arguments urged by Debtors shows major flaws.  The event allowing the extension of time under Section 521(a)(6) is the first meeting of creditors, and as the Debtors urge, an additional expansion of time exists because the first meeting of creditors was continued.  In this case, the first meeting of creditors was originally set for May 23, 2011, but continued to June 20, 2011, and then to July 18, 2011, before it was concluded on that day.  Although there is no evidence of bad faith or sharp practices by the Debtors or Debtors' counsel in this case, Debtors could improperly procure an extension of the automatic stay by delaying the conclusion of the first meeting of creditors.  This Court will not encourage this practice.

The Court also notes that Section 521(a)(6) requires that a creditor have an allowed claim.  For unstated reasons in this case, Ally chose to file a proof of claim on July 28, 2011, after the Chapter 7 Trustee filed a Report of No Distribution.  This proof of claim has no readily apparent purpose and was filed in direct contradiction to the Notice of the Court sent to creditors on April 8, 2011.  While it may be tempting to hold this action against Ally, the Court sees no purpose in doing so in this case.

Accordingly, the Court denies the Debtors' Motion and determines that Ally and Mr. Philpott did not violate the automatic stay when the state court motion for judgment and possession was filed on August 9, 2011.  The stay had previously terminated on June 22, 2011,

by operation of Section 362(h)(1) when Debtors did not reaffirm the debt with Ally within the 30 days of the first meeting of creditors pursuant to Section 521(a)(2)(A). The Court will enter an Order consistent with this Opinion.

**Signed on December 08, 2011**

                                          **/s/ Daniel S. Opperman**
                                          **Daniel S. Opperman**
                                          **United States Bankruptcy Judge**

6

11-31806-dof    Doc 72    Filed 12/08/11    Entered 12/08/11 11:48:30    Page 6 of 6